IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA CRAMER; <br> AIMEE DRAKE; <br> DONELLA EPPS; <br> DONNA HANSON; <br> MICHAEL HUGHES; <br> PHILLIP MALONE; and <br> SHERRY OWENS, <br><br> Plaintiffs, <br><br> vs. <br><br> BOARD OF COUNTY <br> COMMISSIONERS OF <br> OKLAHOMA COUNTY; and <br> DAVID HOOTEN, individually, <br> and in his official capacity as <br> County Clerk of Oklahoma County, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-18-179-G <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF PHILLIP MALONE'S SUPPLEMENTAL RESPONSES TO DEFENDANT BOCC'S DISCOVERY REQUESTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Phillip Malone ("Plaintiff" or "Malone") provides the following supplemental answers to Defendant Board of County Commissioners of Oklahoma County ("Defendant" or "BOCC")'s first set of interrogatories and requests for production of documents ("Discovery Requests").

**GENERAL CONDITIONS AND OBJECTIONS**

1.  These answers to Discovery Requests are based on information presently available to Plaintiff. Discovery in this case is continuing, and these responses cannot set



5. Where several document requests seek production of the same document or category of documents, an objection made to one request is deemed to be made as to all requests which seek production of the same document or category of documents.

6. The indication that production will be made does not mean that any of the documents called for exist. It means only that, subject to the foregoing conditions, they will be produced to the extent that defendant has been able to locate responsive documents.

7. Plaintiff objects to each discovery request to the extent it calls for information or the production of documents that are not within Plaintiff's possession, custody, or control.

8. Plaintiff asserts a continuing objection to Defendant's Discovery Requests to the extent they seek information irrelevant to the claims and defenses at issue in this case or information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to all requests that seek the discovery of information not proportional to the needs of the case.

9. These general conditions and objections are continuing objections, and they are incorporated by reference in each and every response as though set forth in full therein. To the extent a general objection is specifically asserted in a response, it is asserted for further emphasis and it is in no way meant to alter the fact that these general objections are intended to be incorporated into each and every response where applicable.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 22**: State the damages incurred or claimed in the following categories:

   A. Loss of back pay (from the date of termination to the date of the answer to these interrogatories);

   B. Loss of back pay benefits;

   C. Any other financial loss claimed.

**ORIGINAL ANSWER**:   Objection. Information regarding the Plaintiff's back pay and back pay benefits at the time of the Plaintiff's termination from the Oklahoma County Clerk's office may be ascertained by Defendant with no greater burden than the burden upon Plaintiff to provide the information by written response, as this information is readily available in the employment files maintained at the County Clerk's office for each Plaintiff.

Without waiving this objection, and subject to supplementation, pursuant to Fed. R. Civ. P. 33(d), the documents reasonably responsive to this Interrogatory will be made available to Defendant in response to Defendant's Requests for Production. Therefore, the answers may be ascertained by Defendant from the documents with no greater burden than the burden upon Plaintiff to provide the information by written response.

**SUPPLEMENTAL ANSWER**:   Without waiving the above objections, Malone states as follows:

At the time of his termination, and since August 21, 2016, Malone's salary at the Oklahoma County Clerk's Office was $59,544 annually. Assuming Malone had remained employed at the County Clerk's office through vesting in his retirement (that is March 2020), and assuming he would have continued at his salary of $4,962.00 per month and received 4% raises on is anniversary dates (based on his previous performance), he would

have made $208,193.52 in wages. He also would have maintained and continued to contribute to his retirement account.

Upon termination, because he was not fully vested, Malone lost the full amount in his 401(k), of $11,678.41.

Malone moved out of state, first to California and then to Ohio, to find employment after his termination. He has therefore lost the use of his home in Oklahoma City, which has a mortgage payment of $675.00 per month. He also incurred credit card debt after his termination while seeking new employment.

For further information, see documents previously produced labeled PLAINTIFFS 003298-003308 and supplemental document production labeled PLAINTIFFS 003374-003387, and Malone's deposition.

**INTERROGATORY NO. 23**: State the income earned and any retirement payout from the date of termination to the date of the answers to these interrogatories.

**ORIGINAL ANSWER**: Subject to supplementation, pursuant to Fed. R. Civ. P. 33(d), the documents reasonably responsive to this Interrogatory will be made available to Defendant in response to Defendant's Requests for Production. Therefore, the answers may be ascertained by Defendant from the documents with no greater burden than the burden upon Plaintiff to provide the information by written response.

**SUPPLEMENTAL ANSWER**: Without waiving the above objections, Malone responses as follows:

Phillip Malone was terminated on January 20, 2017. His employment after termination is as follows: