# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONELLA EPPS and <br> PHILLIP MALONE, <br><br> Plaintiffs, <br><br> v. <br><br> OKLAHOMA COUNTY BOARD <br> OF COUNTY COMMISSIONERS et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-18-179-G <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

Now before the Court is Defendants' Motion in Limine (Doc. No. 86), to which Plaintiffs have responded (Doc. No. 91). For the reasons outlined below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

   *A. Evidence or Argument Regarding Front Pay*

A "front pay" award is "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). "An award of front pay for claims under [42 U.S.C.] § 1983 is an equitable remedy; thus, the district court has discretion to decide whether such an award is appropriate." *Ballard v. Muskogee Reg'l Med. Ctr.*, 238 F.3d 1250, 1253 (10th Cir. 2001); *see also Starrett v. Wadley*, 876 F.2d 808, 824 (10th Cir. 1989).

Defendants argue that Plaintiffs have failed to properly advise that they are seeking front pay or disclose their computation of the front-pay damages sought, so that allowing

them to present such a request at trial would be unfairly prejudicial. Plaintiffs object that they did adequately raise the front-pay issue as well as the amounts they will seek.

Given that front pay is a purely equitable issue, the Court declines to finally resolve this dispute now. Plaintiffs shall not argue for a front-pay award before the jury. If either Plaintiff prevails at trial, this Court will determine post-verdict whether he or she is entitled to front pay, or reinstatement, or some other form of relief. *See Ballard*, 238 F.3d at 1253 (noting that front-pay determinations "are made solely by the court"); *Gansert v. Colorado*, 348 F. Supp. 2d 1215, 1229 (D. Colo. 2004); *see also Blangsted v. Snowmass-Wildcat Fire Prot. Dist.*, 642 F. Supp. 2d 1250, 1265 (D. Colo. 2009) (noting in First Amendment case that reinstatement is generally the preferred remedy). In that event, the parties will be given the opportunity to present argument and evidence as to the propriety of such a remedy in this case.

B. *Leona Porter's Lawsuit and Settlement*

In 2018, Leona Porter, another Clerk's Office employee terminated by Defendant Hooten, filed suit against Oklahoma County, raising claims of age, disability, and race discrimination. *See Porter v. Okla. Cty.*, No. CIV-18-320-G (W.D. Okla.). That case settled, but Plaintiffs have identified Ms. Porter as an expected trial witness and have listed case filings and evidence regarding her lawsuit as trial exhibits. *See* Pl.'s Trial Exs. 22, 23, 24. Defendants seek to exclude the admission of any evidence or testimony regarding Ms. Porter's lawsuit against Oklahoma County and the subsequent settlement as irrelevant, confusing, highly prejudicial, and inadmissible under Federal Rule of Evidence 408. Plaintiffs argue that admission of this evidence is proper "to help establish Defendants'

motives behind terminating Plaintiffs and for the finder of fact to gain a more complete factual picture of the first several weeks of Hooten taking office." Pls.' Mot. at 6.

The Court agrees with Defendants that this evidence is not sufficiently relevant and GRANTS Defendants' request. Regardless of whether it would otherwise be admissible under Rule 408, Ms. Porter did not assert a First Amendment claim in her lawsuit and so this evidence would not sufficiently assist the trier of fact in determining whether "Defendants' motives" included retaliation for the exercise of protected speech. *See* Fed. R. Evid. 401. Further, any probative value would be outweighed by the danger that this evidence would confuse or mislead the jury. *See* Fed. R. Evid. 403.

Evidence regarding Ms. Porter's lawsuit and settlement shall not be presented at trial. Ms. Porter may testify as a fact witness regarding her own tenure with and termination from the Clerk's Office, omitting any mention of her later litigation.

*C. Records from Oklahoma Employment Security Commission ("OESC")*

Citing title 40, section 2-610.1 of the Oklahoma Statutes,[1] Defendants argue that admission of any evidence of decisions of the OESC violates Oklahoma law and that such

---

[1] The statute provides:

> Any findings of fact or law, judgment, conclusion or final order made by the Oklahoma Employment Security Commission, its referees, the Appeal Tribunal or Board of Review in an unemployment insurance proceeding shall not be conclusive or binding in any separate or subsequent action or proceeding, and shall not be used as evidence in any separate or subsequent action or proceeding, between an individual and his or her present or prior employer in any other forum regardless of whether or not the prior action was between the same or related parties or involved the same facts.

Okla. Stat. tit. 40, § 2-610.1.

evidence is irrelevant and overly prejudicial. Plaintiffs agree that their Trial Exhibit 65 ("Order of Decision of [OESC] Appeal Tribunal 3/30/2017") is inadmissible pursuant to that statute, but they argue that evidence and filings that were used in OESC proceedings are admissible, relevant, and not unfairly prejudicial.

The Court agrees that section 2-610.1 does not, on its face, prohibit admission of unemployment applications or other non-decision filings from OESC proceedings in this matter. Neither the Motion nor the Response, however, describes any of these other OESC filings with enough specificity for the Court to gauge relevance and prejudice concerns at this pretrial stage of proceedings. Defendants' request is therefore GRANTED as to Plaintiff's Trial Exhibit 65. The Court DENIES Defendants' request as to other OESC-related items, though Defendants may raise appropriate evidentiary objections if Plaintiffs seek to admit such an item of evidence at trial.

IT IS SO ORDERED this 13th day of May, 2019.

_____
CHARLES B. GOODWIN
United States District Judge