## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANGELA CRAMER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-18-179-G** |
| | ) | |
| **BOARD OF COUNTY** | ) | |
| **COMMISSIONERS OF OKLAHOMA** | ) | |
| **COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Now before the Court are two Motions seeking review of the Bill of Costs (Doc. No. 109) entered by the Clerk of Court on October 15, 2019. *See* Defs.' Mot. (Doc. No. 110); Pls.' Resp. (Doc. No. 111); Pls.' Mot. (Doc. No. 112); Defs.' Resp. (Doc. No. 113). Both Motions are now at issue.

### I.     *Background*

In February 2018, seven Plaintiffs[1] filed this 42 U.S.C. § 1983 action against Defendants Oklahoma County Board of County Commissioners and David Hooten. Plaintiffs claimed that they were improperly terminated from their employment at the Oklahoma County Clerk's Office in retaliation for the exercise of their right to freedom of speech under the First Amendment.

Following discovery and briefing, the Court granted Defendants' motions for

---

[1] Angela Cramer; Aimee Drake; Donella Epps; Donna Hanson; Michael Hughes; Phillip Malone; and Sherry Owens.

summary judgment on the claims of five Plaintiffs (Cramer, Drake, Hanson, Hughes, and Owens) and denied summary judgment on the claims of Plaintiff Epps and Plaintiff Malone. *See* Doc. Nos. 73, 74, 75, 76, 77, 78, 79.[2]

In May 2019, a three-day jury trial was held on the First Amendment claims of Plaintiffs Epps and Malone. *See* Doc. Nos. 95, 96, 97.  On May 17, 2019, the jury found in favor of Defendants. *See* Doc. No. 101.  Judgment was entered for Defendants on May 21, 2019. *See* J. (Doc. No. 102) at 1.

Defendants then sought an award of their costs, which Plaintiffs opposed. *See* Doc. Nos. 103, 107.  Following a hearing and review of the parties' written submissions, the Clerk of Court taxed costs against Plaintiffs in the amount of $6010.42. *See* Bill of Costs at 1; Doc. No. 108; *see also* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920.  The Clerk's order further stated:

> The undersigned did not rule on plaintiffs' alternative argument that they should not be assessed costs due to their indigency; this is a matter that must be addressed by the court.  Likewise, the undersigned did not rule on defendants' argument that liability for costs should be joint and several or plaintiffs' request that costs be apportioned.  These equitable arguments are directed to the discretion of the court and can only be determined by the presiding judge.

Bill of Costs at 2-3 (citing *Rodriguez v. Whiting Farms, Inc.*, 310 F.3d 1180 (10th Cir. 2004)).

Each party timely filed its Motion seeking review of the Bill of Costs. *See* Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the

---

[2] The Court also dismissed the official-capacity claims raised against Defendant Hooten.

clerk's action."). Accordingly, the Court reviews the Clerk's award de novo. *See Doe v. Bd. of Cty. Comm'rs of Payne Cty.*, No. CIV-13-108-F, 2014 WL 12132244, at *1 (W.D. Okla. Nov. 4, 2014).

II.     *Plaintiffs' Motion*

In their Motion, Plaintiffs do not take issue with the amount or type of costs assessed but argue that Defendants should be denied a cost award due to Plaintiffs' indigence, Plaintiffs' good faith in bringing this civil-rights action, and the closeness and difficulty of the issues decided.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

> Whether or not a prevailing party shall be awarded costs is within the court's sound discretion. Nevertheless, Rule 54 creates a presumption that the district court will award the prevailing party costs. Thus the established rule is that costs are generally awarded to the prevailing party. The burden is on the non-prevailing party to overcome this presumption. When a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial.

*Rodriguez*, 360 F.3d at 1190 (citations and internal quotation marks omitted).

First, while the Court finds no reason to dispute Plaintiffs' good faith in pursuing their legal claims, that alone does not warrant a denial of costs to Defendants. *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) ("[T]he district court's finding that [the plaintiff] did not initiate its suit against [the defendant] in bad faith is insufficient to permit the court to deny costs under Rule 54(d)."). Further, "the Tenth Circuit has 'upheld the traditional presumption of awarding costs to prevailing defendants

in civil rights cases.'" *Doe*, 2014 WL 12132244, at *2 (alteration omitted) (quoting *Johnson v. Okla. ex rel. Univ. of Okla. Bd. of Regents*, Nos. 99-6322, 99-6427, 2000 WL 1114194, at *3 (10th Cir. Aug. 7, 2000)) (rejecting a request to deny costs based upon "a potential chilling effect" on the relevant type of federal civil-rights litigation). "Clearly, the nature of the suit cannot alone justify denial of an award of costs or every civil rights plaintiff would be exempt from costs—a conclusion not supported by the civil rights statutes and cases construing same." *Rosales v. City of San Antonio*, No. Civ.A.SA-00-CA-0144, 2002 WL 1492590, at *1 (W.D. Tex. Mar. 31, 2002).

With regards to Plaintiffs' alleged inability to pay, the Court does not doubt Plaintiffs' representation that an assessment of costs would impose at least some hardship on each of them. *See* Pls.' Mot. at 6-7. There has been no finding of indigency, however, and as argued by Defendants such a finding is not supported by the exhibits to the Motion, which touch upon each Plaintiff's claimed damages and employment history but fail to show their current income, assets, and expenses. *See* Defs.' Resp. at 3-6; Pls.' Mot. Exs. 1-14 (Doc. Nos. 112-1 to 112-14). And "Rule 54 does not contemplate that a court will make or deny cost awards based upon the parties' relative financial strengths." *Doe*, 2014 WL 12132244, at *2; *see also Rodriguez*, 360 F.3d at 1190 (noting that the court may consider "the indigent status of the non-prevailing party" but affirming a grant of costs where the nonprevailing party offered no "reason why [the prevailing party] should be penalized").

Similarly, while the court may consider "the presentation of issues that are close and difficult" in exercising its discretion under Rule 54(d)(1), the burden remains on the

nonprevailing party to overcome the presumption that costs should be awarded to the prevailing party. *Rodriguez*, 360 F.3d at 1190. Although Plaintiffs' legal claims proceeded to summary judgment or trial, the First Amendment issues presented were governed by well-settled authorities and were not particularly difficult or novel. *See, e.g.*, Revised Final Pretrial R. (Doc. No. 89) at 4-9; *see also Broadus v. Corr. Health Partners, Inc.*, No. 15-cv-0182-WJM-KLM, 2019 WL 859702, at *2 (D. Colo. Feb. 22, 2019) ("The closeness of a case is judged . . . by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." (internal quotation marks omitted)). Plaintiffs have not overcome the Rule 54(d)(1) presumption and have not provided the Court "a valid reason" to impose a "severe penalty" upon Defendants by denying costs. *Rodriguez*, 360 F.3d at 1190; *cf. Broadus*, 2019 WL 859702, at *2-3 (denying cost award where case presented "a somewhat novel issue" and "close questions of law" and required supplemental briefing).

For all these reasons, Plaintiffs' request to deny an award of costs shall be DENIED.

III.    *Defendants' Motion*

In their Motion, Defendants request that each Plaintiff be held jointly and severally liable for the $6010.42 cost award. *See* Defs.' Mot. at 2-4. Plaintiffs object that, instead, any cost award should be apportioned among them as proposed in their Response. *See* Pls.' Resp. at 2-6.

The "default rule" for federal cost awards "is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469 (3d Cir. 2000); *Anderson v.*

*Griffin*, 397 F.3d 515, 522-23 (7th Cir. 2005); *accord Williams v. W.D. Sports N.M., Inc.*, No. CIV 03-1195 WPJ/ACT, 2005 WL 8163527, at *3 (D.N.M. Aug. 3, 2005). The Court may, however, exercise its discretion to "apportion costs among the losing parties." *Williams*, 2005 WL 8163527, at *3 (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 469). "The burden is on the losing party to introduce evidence to persuade the Court to apportion damages . . . ." *Id.*

The Bill of Costs entered in this matter taxed $5696.92 for deposition transcripts. *See* Bill of Costs at 1; Pls.' Resp. at 3. Although Plaintiffs argue that they should each be held liable for the cost of his or her own deposition, and share the remaining deposition-related costs, Defendants correctly note that Plaintiffs cited and relied upon each other's deposition testimony during this litigation. *See* Defs.' Mot. at 3-4 (citing multiple summary-judgment briefs as well as evidence presented at trial). Given that Plaintiffs relied upon each other to help support their claims, it is not clear that one or more Plaintiffs "is responsible for a disproportionate share" of the deposition costs. *Anderson*, 397 F.3d at 523. Plaintiffs have not shown that apportionment of this $5696.92 item is warranted. This portion of the Bill of Costs shall be taxed against all seven Plaintiffs jointly and severally. *See id.* at 322-23.

The Bill of Costs also taxed $313.50 for copies of trial exhibits. *See* Bill of Costs at 1; Pls.' Resp. at 4. Plaintiffs argue that because only Plaintiffs Epps and Malone went to trial, the other five Plaintiffs should not be responsible for this item. *See* Pls.' Resp. at 4. The Court agrees that this cost was incurred solely for the prosecution of two Plaintiffs' claims and should not be taxed against those Plaintiffs whose claims were not presented at

trial.  Accordingly, the $313.50 cost item for copies of trial exhibits shall be assessed only against Plaintiff Epps and Plaintiff Malone.  *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 469; *Williams*, 2005 WL 8163527, at *3.

## CONCLUSION

As outlined herein, Plaintiffs' Motion to Review Taxation (Doc. No. 112) is DENIED.  The cost award of $6010.42 entered by the Clerk of Court on October 15, 2019, is AFFIRMED.

Defendants' Motion to Review Taxation (Doc. No. 110) is GRANTED IN PART and DENIED IN PART.  All Plaintiffs shall be jointly and severally liable for the cost item of $5696.92 for transcript fees.  Only Plaintiff Epps and Plaintiff Malone shall be liable for the cost item of $313.50 for copy fees.  *See* Bill of Costs at 1.

IT IS SO ORDERED this 19th day of May, 2020.

CHARLES B. GOODWIN
United States District Judge